**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 05-80186-CIV-RYSKAMP/VITUNAC**

SECURITIES AND EXCHANGE COMMISSION.,

     Plaintiff,

v.

K. L. GROUP, LLC, et al.,

     Defendants.

_____/



FILED by _____ D.C.

**AUG 1 5 2005**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B

**ORDER OF DEFAULT JUDGMENT OF PERMANENT INJUNCTION AND OTHER
RELIEF AS TO DEFENDANTS WON SOK LEE AND YUNG BAE KIM**

     THIS MATTER is before the Court on the Securities and Exchange Commission's Motion for Entry of Default Judgment of Permanent Injunction and Other Relief Against Defendants Won Sok Lee and Yung Bae Kim. Having considered the motion and the entire record, the Court hereby enters the following Judgment against Defendants Lee and Yung Kim in this cause.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

     1.    The Court has personal jurisdiction over Lee and Yung Kim and jurisdiction over the subject matter of the action. Venue is proper in the Southern District of Florida.

     2.    Defendants Lee and Yung Kim each were properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. Lee and Yung Kim therefore have proper notice of this action.

     3.    As of the date of this Order, Lee and Yung Kim have failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4.      The Clerk of the Court entered defaults against Lee and Yung Kim on May 3, 2005. By virtue of the default and their failure to respond to the Complaint, Lee and Yung Kim are deemed to have admitted the allegations of the Complaint, and liability is established against them. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Construction Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Accordingly, the Court finds Lee and Yung Kim committed the violations alleged in the Complaint.

5.      The Defendants are not infants or incompetent persons and have no guardian, committee, conservator or other such persons appearing on their behalf. Accordingly, it is:

## I. JUDGMENT

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Entry of Default Permanent Injunction and Other Relief Against Defendants Won Sok Lee and Yung Bae Kim is **GRANTED.**

## II. PERMANENT INJUNCTION

**IT IS FURTHER ORDERED AND ADJUDGED** that Lee and Yung Kim, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from:

### Section 17(a) of the Securities Act of 1933

Violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

2

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

Violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

### Sections 206(1) and (2) of the Investment Advisers Act of 1940

Violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce:

(a)     to employ any device, scheme or artifice to defraud any client or prospective client;

3

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)     to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

### III.  DISGORGEMENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Lee and Yung Kim shall pay disgorgement representing their gains from the conduct alleged in the Complaint, plus pre-judgment interest.   The Court shall determine the amount of disgorgement upon the Commission's motion to set disgorgement and its submission of supporting evidence.

### IV.  CIVIL MONEY PENALTIES

**IT IS FURTHER ORDERED AND ADJUDGED** that Lee and Yung Kim shall pay a civil money penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act, [15 U.S.C.§ 80b-9(e)], based upon the conduct alleged in the Complaint.   The Court shall determine the amount of the civil penalty upon the Commission's motion to set same.

### V.  RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

### VI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Lee and Yung Kim in order to implement and carry out the terms of all Orders and Decrees that may be entered or to entertain any suitable application or

4

motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

DONE AND ORDERED this 15th day of August 2005 in Chambers in West Palm Beach, Florida.

THE HONORABLE KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies to:

Scott A. Masel, Esq.
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
*Counsel for Plaintiff*

Michael Tein, Esq.
Lewis Tein, P.L.
The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133
*Counsel for Court-appointed Receiver Guy Lewis, Esq.*

Ekwan E. Rhow, Esq.
Bird, Marella, Boxer, et al.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
*Counsel for John Kim*

Gregory C. Ward, Esq.
Ward Kim LLLP
1 Financial Plaza, Suite 2600
Fort Lauderdale, FL 33394
*Counsel for John Kim*

Mr. Yung Bae Kim
378 Northlake Blvd., # 300
North Palm Beach, FL 33408
*Defendant*

5

Mr. Won Sok Lee
378 Northlake Blvd., #300
North Palm Beach, FL 33408
*Defendant*

John C. Dotterrer, Esq.
Jenny Torres, Esq.
John C. Dotterrer Counselors at Law, P.A.
125 Worth Avenue, Suite 310
Palm Beach, FL 33480
*Counsel for non-party Penson Financial
Services, Inc.*

Mark G. Hanchet, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, NY 10036
*Co-counsel for non-party Penson Financial
Services, Inc.*

J. Randolph Liebler, Esq.
Courthouse Tower, 25th Floor
44 W Flagler St.
Miami, FL 33130

Lawrence Duffy, Esq.
P.O. Box 243699
Boynton Beach, FL 33424

Jeremy J. Hart, Esq.
Suite 3400 - One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131

James S. Sallah, Esq.
2101 NW Corporate Blvd.
Suite 216
Boca Raton, FL 33431

Adam T. Rabin, Esq.
200 SE First St.
Suite 708
Miami, FL 33131

6