UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80186-CIV-RYSKAMP/VITUNAC

SECURITIES AND EXCHANGE COMMISSION,
             Plaintiff,
v.

K.L. GROUP, LLC, KL FLORIDA, LLC,
KL TRIANGULUM MANAGEMENT, LLC,
SHORELAND TRADING LLC,
KL GROUP FUND, LLC,
KL FINANCIAL GROUP FLORIDA, LLC,
KL FINANCIAL GROUP DB FUND, LLC,
KL FINANCIAL GROUP DC FUND, LLC,
KL FINANCIAL GROUP IR FUND, LLC
KL TRIANGULUM GROUP FUND, LLC,
WON SOK LEE, JOHN KIM,
and YUNG BAE KIM,
             Defendants,
_____/



## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT JOHN KIM

Plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing its Complaint against, among others, Defendant John Kim. In its Complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by Kim of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; an order providing for disgorgement and prejudgment interest, and imposition of a civil money penalty against Kim pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section

21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act, [15 U.S.C.§ 80b-9(e)].

Kim, by the attached Consent, has entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. This Court having accepted such Consent and having jurisdiction over Kim and the subject matter of this action:

I.

### FRAUD IN VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS HEREBY ORDERED AND ADJUDGED** that Kim, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a.    to employ any device, scheme, or artifice to defraud;

    b.    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

## II.

## FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Kim and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    a.    to employ any device, scheme, or artifice to defraud;

    b.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

## FRAUD IN VIOLATION OF SECTIONS 206(1) AND 206(2) OF THE ADVISERS ACT

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Kim and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Advisers Act by using the mails or any means or instrumentality of interstate commerce:

3

    a.    to employ any device, scheme or artifice to defraud any client or prospective client;

    b.    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    c.    to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

## IV.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Kim shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 1, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Kim will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Kim may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

4

Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

### INCORPORATION OF KIM'S CONSENT

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Kim shall comply with all of the undertakings and agreements set forth therein.

## VI.

### RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Kim in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VII.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated this 2 day of March, 2006.

_____
HONORABLE KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies to:

Scott A. Masel, Senior Trial Counsel
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
*Counsel for Securities and Exchange Commission*

Michael Tein, Esq.
Lewis Tein, P.L.
The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, FL 33133
Telephone: 305/442-1101
Facsimile: 305/442-6744
*Counsel for Court-appointed Receiver Guy Lewis, Esq.*

Ekwan Rhow, Esq.
Bird, Marella, Boxer, et al.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
Telephone: 310/201-2100
*Counsel for John Kim*

6

Gregory C. Ward, Esq.
Ward Kim LLLP
1 Financial Plaza, Suite 2600
Fort Lauderdale, FL 33394
Telephone: (954) 527-1115
Facsimile: (954) 527-1116
*Counsel for John Kim*

Mr. Yung Bae Kim
378 Northlake Blvd., # 300
North Palm Beach, FL 33408
*Defendant*

Mr. Won Sok Lee
378 Northlake Blvd., #300
North Palm Beach, FL 33408
*Defendant*

John C. Dotterrer, Esq.
Jenny Torres, Esq.
John C. Dotterrer Counselors at Law, P.A.
125 Worth Avenue, Suite 310
Palm Beach, FL 33480
*Counsel for non-party Penson Financial Services, Inc.*

Mark G. Hanchet, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, NY 10036
*Counsel for non-party Penson Financial Services, Inc.*

J. Randolph Liebler, Esq.
Liebler, Gonzalez & Portuondo, P.A.
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, Florida 33130
*Counsel for Bank of America, N.A.*

Lawrence Duffy, Esq.
P.O. Box 243699
Boynton Beach, FL 33424

Jeremy J. Hart, Esq.
Suite 3400 – One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131

James S. Sallah, Esq.
2101 N.W. Corporate Blvd., Suite 216
Boca Raton, FL 33431

Adam T. Rabin, Esq.
200 S.E. First Street, Suite 708
Miami, FL 33131