UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80186-CIV-RYSKAMP/VITUNAC

SECURITIES AND EXCHANGE COMMISSION,
         Plaintiff,

v.

K.L. GROUP, LLC, KL FLORIDA, LLC,
KL TRIANGULUM MANAGEMENT, LLC,
SHORELAND TRADING LLC,
KL GROUP FUND, LLC,
KL FINANCIAL GROUP FLORIDA, LLC,
KL FINANCIAL GROUP DB FUND, LLC,
KL FINANCIAL GROUP DC FUND, LLC,
KL FINANCIAL GROUP IR FUND, LLC
KL TRIANGULUM GROUP FUND, LLC,
WON SOK LEE, JOHN KIM,
and YUNG BAE KIM,

         Defendants.
_____/

**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS K.L. GROUP, LLC, KL FLORIDA, LLC, KL TRIANGULUM MANAGEMENT, LLC, SHORELAND TRADING LLC, KL GROUP FUND, LLC, KL FINANCIAL GROUP FLORIDA, LLC, KL FINANCIAL GROUP DB FUND, LLC, KL FINANCIAL GROUP DC FUND, LLC, KL FINANCIAL GROUP IR FUND, LLC KL TRIANGULUM GROUP FUND, LLC**

The Securities and Exchange Commission having filed a complaint, and Defendants K.L. Group, LLC, KL Florida, LLC, KL Triangulum Management, LLC, Shoreland Trading LLC, KL Group Fund, LLC, KL Financial Group Florida, LLC, KL Financial Group DB Fund, LLC, KL Financial Group DC Fund, LLC, KL Financial Group IR Fund, LLC KL Triangulum Group Fund, LLC (collectively the "KL Entities and Shoreland") having all been served with summonses and the Complaint entered a general appearance consented to the Court's jurisdiction over them and the subject matter

of this action consented to entry of this Judgment of Permanent Injunction and Other Relief without admitting or denying the allegations of the complaint (except as to jurisdiction) waived findings of fact and conclusions of law and waived any right to appeal from this Judgment:

I.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS ORDERED AND ADJUDGED** that the KL Entities and Shoreland and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

a) to employ any device, scheme, or artifice to defraud;

b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

## FRAUD IN VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that the KL Entities and Shoreland and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   a) to employ any device, scheme, or artifice to defraud;

   b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

## FRAUD IN VIOLATION OF SECTIONS 206(1) AND 206(2) OF THE INVESTMENT ADVISERS ACT
### (Defendants K.L. Group, LLC, KL Florida, LLC, and KL Triangulum Management, LLC only)

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendants K.L. Group, LLC, KL Florida, LLC, and KL Triangulum Management, LLC and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce:

    a)    to employ any device, scheme or artifice to defraud any client or prospective client;

    b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    c)    to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

### IV.

### DISGORGEMENT AND CIVIL PENALTIES

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that the KL Entities and Shoreland shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and, as to Defendants K.L. Group, LLC, KL Florida, LLC, and KL Triangulum Management, LLC, pursuant to Section 209(e) of the Advisers Act, [15 U.S.C.§ 80b-9(e)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from July 1, 2003, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:

4

(a) the KL Entities and Shoreland will be precluded from arguing they did not violate the federal securities laws as alleged in the Complaint; (b) the KL Entities and Shoreland may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

V.

**INCORPORATION OF CONSENT OF THE KL ENTITIES AND SHORELAND**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the KL Entities and Shoreland shall comply with all of the undertakings and agreements set forth therein.

VI.

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

### CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: __Feb 6__, 2007.

_____
HONORABLE KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

copies to:

counsel of record
unrepresented parties